**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

*Bid Protest*

| | | |
|---|---|---|
| BLUE & GOLD FLEET, L.P. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-0514 |
| | ) | (Judge Futey) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**INTERVENOR-APPLICANT'S MOTION TO INTERVENE**

Pursuant to RCFC 24, Intervenor-applicant Hornblower Yachts, Inc. ("Hornblower"), hereby respectfully moves to intervene in the above-captioned matter. Because Hornblower is the awardee of the federal contract at issue in this bid protest matter, Hornblower is an interested party. In addition, Hornblower has been an intervenor in the prior three unsuccessful protests which plaintiff Blue & Gold Fleet, L.P. ("Blue & Gold") has filed related to the same procurement at issue in the present protest.[1] As demonstrated below, Hornblower respectfully submits that it is entitled to intervene of right pursuant to RCFC 24(a), or in the alternative, it is appropriate to grant Hornblower permissive intervention pursuant to RCFC 24(b).

[1] Blue & Gold has filed two protests related to this procurement at the Government Accountability Office (GAO)(B-297371; B-298377), both of which were dismissed. Blue & Gold also filed a protest at this Court, which was denied. *Blue & Gold Fleet, L.P. v. United States*, 70 Fed. Cl. 487 (2006). The present protest is Blue & Gold's fourth litigation effort regarding the same procurement.

Pursuant to RCFC 24(a), upon timely application a party shall be permitted to intervene in an action before this Court:

> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately protected by existing parties.

Hornblower's application is being filed within one day of it being notified of the filing of the protest action filed by plaintiff in this matter, and prior to the initial status conference being held pursuant to Appendix C of the Court's Rules. For that reason, Hornblower's application is timely.

As the entity which has been awarded the government contract at issue, Hornblower has an interest relating to the property or transaction which is the subject of this bid protest action. In addition, Hornblower is so situated that the disposition of the action, which seeks to set aside that award decision, may as a practical matter impair or impede Hornblower's ability to protect that interest. Finally, Hornblower cannot determine at this point if its interests are adequately represented by defendant United States. *See, generally*, *Space Exploration Technology Corporation v. United States*, 68 Fed. Cl. 1 (2005)(granting intervenor status in a pre-award bid protest to parties who had been identified as prospective awardees of the contracts at issue).

In the alternative, Hornblower seeks permissive intervention pursuant to RCFC 24(b). Pursuant to RCFC 24(b), permissive intervention of a timely filed application may be granted "when an applicant's claim or defense and the main action have a question of law or fact in common." Because the protester's allegations in Complaint directly and specifically challenge

the propriety of the award of the contract to Hornblower, Hornblower's defense has questions of fact in common with this action.

In addition and pursuant to RCFC 40.1 and 40.2, Hornblower will be filing a motion to transfer this matter to Judge Christine Miller based on the fact that this case and the prior bid protest unsuccessfully brought by Blue & Gold before this Court involve the same parties and are based on the same or similar claims. *See Blue & Gold Fleet, L.P. v. United States,* 70 Fed. Cl. 487 (2006). Furthermore, Hornblower will also be filing promptly a motion for summary judgment based on collateral estoppel. As this Court's decision cited above shows, Judge Miller has already ruled on the issue presented by Blue & Gold in this case, namely whether the award of the contract at issue would be proper *even if* the contractor were required to comply with the Service Contract Act. *See id.* at 514, n. 24 (Court of Federal Claims denied Blue & Gold's request for injunction "prohibit[ing] NPS from making award pursuant to the solicitation and [] direct[ing] NPS to reissue the solicitation, properly including the requirements of the Service Contract Act" (Complaint at 20), stating that "[a]n injunction based on the Service Contract Act would not be in the public interest. As Hornblower points out, even if subsequent decisions by the Department of Labor interpret the applicable regulations to require higher wages, the Department of Labor can apply them retroactively to the existing Park Service contract. *See* 29 C.F.R. § 4.5(c)"). In the present case, the preliminary decision that the contract likely should be subject to Service Contract Act was not made by the Department of Labor, but instead by the District Court. However, it is the same decision addressed by the Court of Federal Claims in its

prior ruling, in which the Court denied Blue & Gold the same injunctive relief it once again seeks.[2]

For the reasons set forth above, Hornblower Yachts, Inc. respectfully requests that the Court grant its motion to intervene as a matter of right, or in the alternative, as a permissive intervention.

Respectfully submitted,

s/Kevin R. Garden
Kevin R. Garden
The Garden Law Firm P.C.
901 N. Pitt Street, Suite 325
Alexandria, VA 22314
Tel.: (703) 535-5565
Facsimile: (703)997-1330
*kevin@gardenlawfirm.com*

Counsel for Intervenor-Applicant

Dated: July 15, 2006

[2] This issue further demonstrates the fact that the present bid protest and the prior bid protest involve the same or similar issues. Moreover, Blue & Gold has also raised the exact same issues which are set out in its current protest in its pending appeal of the Court's prior bid protest, which is currently before the United States Court of Appeals for the Federal Circuit.