# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **BLUE & GOLD FLEET, LP,** | * | |
| Plaintiff, | * | |
| v. | * | No. 06-514C |
| **THE UNITED STATES**, | * | (Filed July 21, 2006) |
| Defendant, | * | |
| and | * | |
| **HORNBLOWER YACHTS, INC.,** | * | |
| Defendant-Intervenor. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

During the scheduling conference of Blue & Gold Fleet, L.P. ("plaintiff"), consequent to the transfer of the case to the undersigned by order entered on July 18, 2006, pursuant to RCFC 40.2, plaintiff made an oral motion to transfer its complaint to the United States District Court for the Northern District of California under 28 U.S.C. § 1631 (2000). Upon the requested transfer, plaintiff would intervene in the pending consolidated cases styled International Organization of Masters, Mates and Pilots v. National Park Service, No. C 06-2107-CW (N.D. Cal. filed Mar. 21, 2006), and Islandboatmen's Union v. Mainella, No. C 06-2152-CW (N.D. Cal. filed Mar. 23, 2006).

The court's transfer statute contemplates transfer to cure a want of jurisdiction and enables the United States Court of Federal Claims to transfer an action "to any other . . . court in which the action . . . could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631 Plaintiff's complaint is a bid protest under 28 U.S.C. § 1491(b)(1) (2000), which gives the court of Federal Claims exclusive jurisdiction over a protest filed after contract award. PGBA, LLC v. United States, 389 F.3d 1219, 1227 (Fed. Cir. 2004). Therefore, the putative transferee court would not qualify as a competent court under 28 U.S.C. § 1631.

Mindful that it is making statements *ex cathedra*, but in order to be of assistance given the undersigned's prolonged stewardship over the pre-award protest filed by plaintiff, Blue & Gold Fleet, LP v. United States, 70 Fed. Cl. 487 (2006), appeal docketed, No. 06-5064 (Fed. Cir. Mar. 9, 2006), this court opines that the subsequent award of the contract by the National Park Service incorporating the Service Contract Act (the "SCA") wage structure would seem to thwart the purpose of the injunction entered by the federal district court, insofar as by awarding the contract to include the SCA wages the *status quo* of the solicitation was not preserved. Plaintiff IBU originally requested of the federal district court an injunction that would have precluded the Park Service from awarding this contract during the pendency of the Department of Labor proceedings. The district court may have rejected this proposal precisely because that court considered an injunction that completely restrained the contract award to be beyond its ancillary jurisdiction under the Declaratory Judgments Act and solely within the jurisdiction of the Court of Federal Claims. The district court instead made the discretionary determination to award narrower relief. This court is not aware of the reasons for rejecting IBU's request, but if plaintiff were a proper intervenor in the district court cases, that court might be able to grant the broader injunction that plaintiff seeks. */

This court advised the parties that the United States Court of Appeals for the Federal Circuit has jurisdiction over this matter at present and that the best course of action may well be to move that court to enter an injunction pending appeal based on the changed circumstances. Accordingly, based on the foregoing,

**IT IS ORDERED,** as follows:

1. Plaintiff's motion to transfer is denied.

2. A copy of this order shall be served on the United States District Court for the Northern District of California, Attn: The Honorable Claudia Wilken.

s/ Christine O.C. Miller
Christine Odell Cook Miller
Judge

---

*/ Presumably, the union-plaintiffs in that case could also request such a modified injunction.