**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BLUE & GOLD FLEET, L.P., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-0514 |
| | ) | (Judge C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | Filed: July 24, 2006 |
| Defendant, | ) | |
| and | ) | |
| HORNBLOWER YACHTS, INC., | ) | |
| Intervenor. | ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF**
***EX CATHEDRA* COMMENTS IN THIS COURT'S ORDER OF JULY 21, 2006**

Defendant respectfully submits this motion for reconsideration of the Court's *ex cathedra* comments in its July 21, 2006 order.

Initially, the Court's order states that "the subsequent award of the contract by the National Park Service incorporating the Service Contract Act ('SCA') wage structure would seem to thwart the purpose of the injunction entered by the federal district court, insofar as by awarding the contract to include the SCA wages the *status quo* of the solicitation was not preserved." July 21, 2006 Order at 2. Due to the preliminary nature of the information before the Court at the status conference on July 20, 2006, the Court may not have been fully aware of the following facts, which contradict that characterization of NPS's actions.

On May 1, 2006, a preliminary injunction requested by two union plaintiffs was issued by the United States District Court for the Northern District of California in two related cases,

Masters, Mates and Pilots, Pacific Maritime Region v. National Park Service, No. C 06-2107-CW, and Inlandboatmen's union of the Pacific, Marine Division, ILWU v. Mainella, No. C 06-2152-CW. The court's order states: "Defendants are prelimarily enjoined from awarding a contract . . . that permits any contractor or subcontractor under it to pay its employees providing services under such contract less than the wages and fringe benefits specified in Plaintiffs' collective bargaining agreements with Blue and Gold Fleet, LLP . . . ." Order On Plaintiffs' Motion for Preliminary Injunction and Order Staying Case (N.D. Ca. May 1, 2006). Although the union plaintiffs requested it, the court's order did not enjoin NPS from awarding the Alcatraz contract at issue. Rather, it specified the wage terms that would have to be included in any awarded contract, in essence preserving the status quo regarding wages, pending action by the United States Department of Labor.

In a letter dated May 8, 2006, NPS advised Hornblower Yachts, Inc. that under Section 5 of the concession contract at issue in this protest, as well as in plaintiff's earlier protest (Fed. Cl. No. 05-1203C), the new concessioner must comply with all "Applicable Laws" in fulfilling its obligations under the new concession contract. Ex. 1. The letter also stated that "Applicable Laws," by contract definition, included the May 1, 2006 preliminary injunction issued in the unions' litigation. Id. NPS's letter further stated:

> Please counter-sign this letter below on behalf of Alcatraz Cruises, LLC, acknowledging that Applicable Laws includes the Order (as may be modified or otherwise changed by the courts) and agreeing that, in accordance with such Applicable Laws, neither Alcatraz Cruises, LLC, nor any of its subconcessioners will pay its employees providing services under the Contract less than the wages and fringe benefits specified in [the unions'] collective bargaining agreements with Blue & Gold Fleet, LLP, including any prospective increases in wages and fringe benefits specified in such collective bargaining agreements.

Id. The letter was countersigned on behalf of Hornblower on May 8, 2006 and "incorporated into the Contract as Exhibit 1 for as long as the Order (as may be modified or otherwise changed by the courts) remains in effect and is Applicable Law." Id.

On May 9, 2006, NPS fully executed the Alcatraz concession contract, thus awarding it within the meaning of 36 C.F.R. Part 51. This award occurred (i) after the March 6, 2006 decision by this Court dismissing plaintiff's pre-award protest; (ii) after the March 8, 2006 denial by this Court of plaintiff's motion for a temporary restraining order; (iii) after the March 15, 2006 denial by this Court of plaintiff's motion for an injunction pending appeal; and (iv) after the April 28, 2006 denial by the United States Court of Appeals for the Federal Circuit of plaintiff's motion for injunction pending appeal.

As a result, the district court's order has in no way been "thwarted." Until the district court orders otherwise, in accordance with "Applicable Laws," which include the district court's order, Hornblower will not pay its employees operating under the Alcatraz contract less than the wages and fringe benefits specified in the unions' collective bargaining agreements. Further, NPS very prudently waited until after plaintiff had exhausted, and been denied, all remedies in courts having jurisdiction over the award of the Alcatraz contract – this Court and the Federal Circuit[1] – before going forward with awarding the contract.

The Court's July 21, 2006 order also indicates that the district court may be able to award an injunction precluding NPS from "awarding [the Alcatraz contract] during the pendancy of the Department of Labor proceedings" if Blue & Gold were a proper intervenor in the district court

---

[1]Plaintiff's appeal of its earlier protest in Fed. Cl. No. 05-1203C is pending before the Federal Circuit, No. 2006-5064, and, obviously, this post-award protest is pending before this Court. Based on the recent status conference, the Government understands that this protest will be dismissed.

cases. Because the district court does not have subject matter jurisdiction over contract claims brought against the United States, the Government respectfully disagrees. As part of the Administrative Dispute Resolution Act of 1996 ("ADRA"), Pub. L. No. 104-320, § 12(d), 110 Stat. at 3875 (1996), Congress terminated Federal district court jurisdiction over bid protests. See Emery Worldwide Airlines, Inc. v. United States, 264 F.3d 1071, 1079 (Fed. Cir. 2001). Thus, based on the ADRA, "it is clear that the Court of Federal Claims is the only judicial forum to bring any governmental contract procurement protest," id. at 1080 (citation omitted), and the district court here cannot set aside the award of the Alcatraz contract to Hornblower or enjoin Hornblower from commencing services.

For the foregoing reasons, the United States respectfully requests that the Court clarify its July 21, 2006 order by (1) removing the suggestion that NPS's actions "thwarted" the purpose of the district court's injunction, and (2) removing the suggestion that the district court can enjoin NPS from awarding the contract.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Sean M. Dunn
SEAN M. DUNN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 307-0361
Fax: (202) 514-7965

July 24, 2006

Attorneys for Defendant

United States Department of the Interior

NATIONAL PARK SERVICE
Pacific West Region
1111 Jackson Street, Suite 700
Oakland, California 94607-4807

IN REPLY REFER TO:

May 8, 2006

BY FACSIMILE, EMAIL, AND US MAIL

EXHIBIT 1

Mr. Terry MacRae
CEO
Alcatraz Cruises, LLC
Pier 3 on the Embarcadero
San Francisco, California 94111

Re: Acknowledgment of Applicable Laws - Concession Contract No. CC-GOGA001-06

Dear Mr. MacRae:

On behalf of Alcatraz Cruises, LLC, you executed Concession Contract No. CC-GOGA001-06 ("Contract") on March 7, 2006[1].

Section 5 of the Contract states that the Concessioner must comply with all Applicable Laws in fulfilling its obligations under the Contract. Applicable Laws includes (as of the date of this letter) the Order On Plaintiffs' Motions For Preliminary Injunction And Order Staying Case ("Order") issued on May 1, 2006 by Judge Wilken in International Organization of Masters, Mates and Pilots, Pacific Maritime Region v. National Park Service, No. C 06-2107-CW (N.D. Cal.) and in Inlandboatmen's Union of the Pacific, Marine Division, ILWU v. Mainella, No. C 06-2152-CW (N.D. Cal.). A copy of this Order is enclosed. We also note that you are a defendant-intervenor in these cases and independently were served with a copy of the Judge's Order.

Please counter-sign this letter below on behalf of Alcatraz Cruises, LLC, acknowledging that Applicable Laws includes the Order (as may be modified or otherwise changed by the courts) and agreeing that, in accordance with such Applicable Laws, neither Alcatraz Cruises, LLC, nor any of its subconcessioners will pay its employees providing services under the Contract less than the wages and fringe benefits specified in International Organization of Masters, Mates and Pilots, Pacific Maritime Region's and Inlandboatmen's Union of the Pacific, Marine Division, ILWU's collective bargaining

[1] That execution was done, as required by 36 C.F.R. §51.21, prior to the 60-day Congressional notice of intent to award required by 16 U.S.C. §5952(6) and full execution (or award) by the National Park Service pursuant to 36 C.F.R. §51.22.

TAKE PRIDE IN AMERICA

agreements with Blue & Gold Fleet, LLP, including any prospective increases in wages and fringe benefits specified in such collective bargaining agreements.

Once counter-signed, this letter will be incorporated into the Contract as Exhibit 1 for as long as the Order (as may be modified or otherwise changed by the courts) remains in effect and is Applicable Law. Please return the counter-signed letter to Anne Dubinsky, Concession Program Manager, Pacific West Region of the National Park Service, at the address set out in the letterhead.

Sincerely,

George J. Turnbull

Jonathan B. Jarvis
Regional Director, Pacific West Region

cc: Superintendent, Golden Gate National Recreation Area

Acknowledged and agreed to by:

Terry MacRae
CEO, Alcatraz Cruises, LLC

5/8/06
Date