# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**BLUE & GOLD FLEET, LP,** *

Plaintiff, *

v. * No. 06-514C

**THE UNITED STATES**, * (Filed July 26, 2006)

Defendant, *

and *

**HORNBLOWER YACHTS, INC.,** *

Defendant-Intervenor. *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

On July 24, 2006, defendant filed, pursuant to RCFC 59(a)(1), Defendant's Motion for Reconsideration of *ex Cathedra* Comments in this Court's Order of July 21, 2006. Pursuant to RCFC 7.2(a), the court rules without a reply.

The court's July 21, 2006 order denied plaintiff's oral motion for transfer to the United States District Court for the Northern District of California because this matter is a bid protest, over which the United States Court of Federal Claims has exclusive jurisdiction. The court then commented, that although the matter could not be transferred to the district court, that court might have jurisdiction to issue such an injunction as plaintiff requested, as might the United States Court of Appeals for the Federal Circuit. The court also commented that the intent of the federal district court to maintain the status quo pending a final determination by the Department of Labor "seem[ed] to [be] thwart[ed]" by the National Park Service's action in granting the amended contract to Hornblower by the expedient of incorporating into it Service Contract Act-acceptable wages. Like defendant-intervenor, defendant objects to these comments, specifically to the suggestion that the district court might have jurisdiction to issue such an injunction and to the idea that the National Park Service's actions might have thwarted the intent of the district court.

Defendant's motion has been considered carefully and is denied. Defendant properly recognizes the interesting jurisdictional question that the court noted in its original order–that is, the tension between the Court of Federal Claims' exclusive jurisdiction over bid protests and the district court's power to grant injunctions in declaratory judgment actions. However, defendant's motion adds nothing new, and the court presumes that such a jurisdictional question will be clarified if the matter comes before the district court. As to whether the National Park Service's actions thwarted the intent of the district court's injunction, that is the district court's determination to make; the district court may or may not have contemplated that the subject contract would be amended in order to award it.

The points made by defendant are covered adequately in the court's July 21, 2006 order. The court does not find sufficient basis to warrant reconsideration of the *ex cathedra* statements. Accordingly,

**IT IS ORDERED,** as follows:

1. Defendant's motion for reconsideration is denied.

2. A copy of this order shall be served on the United States District Court for the Northern District of California, Attn: The Honorable Claudia Wilken.

s/ Christine O.C. Miller
Christine Odell Cook Miller
Judge